IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ESTATE OF CLYDE L. HARRIGER,

     Appellant,

v.                                                                                  Case No.  5D16-1708

ALICE JEAN ROGERS HARRIGER,

     Appellee.

_____/

Opinion filed March 24, 2017

Appeal from the Circuit Court
for Volusia County,
Karen Adams Foxman, Judge.

Allison J. McCabe and Susanne D.
McCabe, of McCabe Law Firm, Port
Orange, for Appellant.

No Appearance for Appellee.


PER CURIAM.

The estate of Clyde L. Harriger ("Former Husband") appeals the Final Judgment

of Dissolution of Marriage regarding Former Husband and Alice Jean Rogers Harriger

("Former Wife").  Former Husband raises three issues on appeal, contending that the trial

court erred in:  1) considering the subject of nonmarital property despite Former Wife's

failure to raise it in her pleadings; 2) determining that Former Wife possessed nonmarital

property and categorizing two Bank of America accounts as nonmarital; and 3) failing to

make factual findings regarding six Wells Fargo accounts. We affirm as to the first two issues without further discussion.

As to the third issue, we reverse and remand for the trial court to make factual findings regarding the Wells Fargo bank accounts. See Winney v. Winney, 979 So. 2d 396, 400 (Fla. 1st DCA 2008) ("A trial court's failure to make adequate factual findings in a final judgment of dissolution of marriage is typically reversible error because, in most circumstances, this failure precludes meaningful appellate review."). Specifically, the trial court is directed on remand to make written findings stating whether these accounts are marital or nonmarital property.

AFFIRMED in part; REVERSED in part; REMANDED.

SAWAYA, TORPY and BERGER, JJ., concur.